**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-cr-30120-SMY |
| | ) |
| CHAD VINCENT IACONA, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

A jury convicted Chad Vincent Iacona of access device fraud and aggravated identity theft on December 2, 2011. District Judge Michael J. Reagan subsequently sentenced Iacona to 39 months' imprisonment and 3 years of supervised release and ordered him to immediately pay restitution in the amount of $75,424.98 and a special assessment of $200 (Doc. 56). Iacona appealed his conviction but his appeal was denied (Doc. 89).

According to the Bureau of Prisons' website, Iacona was released from custody on February 13, 2015. He still owes $66,699.98 on his debt to the United States and, according to the Government, has not made a payment in over 2 years. The Government has received information indicating that Iacona is self-employed and receives his earnings through C.C.C Transportation LLC. (Doc. 95).

On May 6, 2020 the United States, using the tools of post-judgment discovery as allowed by 28 U.S.C. § 3015(a), served a subpoena on C.C.C Transportation LLC requiring that records pertaining to Iacona be produced at the United States Attorney's office by June 5, 2020. (Doc. 96-1). The company did not respond by that date. The United States then sent a letter to C.C.C Transportation LLC's registered agent on June 12, 2020, inquiring about the records. (Doc. 96-2).

The company did not respond, and the United States moved this Court for an order to show cause why Iacona and his company should not be held in contempt for failing to obey the subpoena. (Doc. 96). The case is now before the Court *sua sponte* following the entry of an Order to Show Cause requiring Defendant Chad Vincent Iacona and his company, C.C.C Transportation, LLC to explain by October 8, 2020 why the company has not responded to a subpoena issued by the United States of America related to the collection of criminal restitution (Doc. 98).[1] A review of the docket reveals that as of this date, neither Defendant Iacona nor C.C.C. Transportation, LLC has responded to the Order to Show Cause. Defendants' failure to respond is a direct violation of an Order of this Court.

Rule 45(g) of the Federal Rules of Civil Procedure permits a court to hold in contempt a person who has been served with a subpoena and fails, without a good excuse, to comply with it. The Seventh Circuit has described the elements of contempt as follows:

> To prevail on a request for a contempt finding, the moving party must establish by clear and convincing evidence that (1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply. *U.S. S.E.C. v. Hyatt*, 621 F.3d 687, 692 (7th Cir. 2010)

This Court does not take the prospect of contempt findings lightly. But when a party openly disregards its orders, there is little choice but to apply coercive measures to force compliance. In this case, Chad Vincent Iacona has been given notice of the possibility of contempt sanctions and the opportunity to be heard. He has made no effort to comply, and therefore, contempt sanctions are warranted.

---

[1] The United States was directed to send a copy of the Show Cause Order by regular and certified mail to Iacona and C.C.C. Transportation, LLC and to provide proof of doing so. The United States did so on September 11, 2020. (Doc. 99).

This Court has at least two options for civil contempt sanctions, including fines and imprisonment. *See Teledyne Techs., Inc. v. Shekar*, No. 15-CV-1392, 2015 WL 3799559, at *12 (N.D. Ill. June 17, 2015), aff'd, 739 F. App'x 347 (7th Cir. 2018) and *In re Grand Jury Proceedings*, 280 F.3d 1103, 1107 (7th Cir. 2002). Given Iacona's failure to pay his existing criminal monetary penalties, it is unlikely that additional fines will be effective in compelling him to comply with the subpoena. However, a fine may have some impact when applied to his company, as he appears to channel his income through this entity. As for Iacona individually, coercive imprisonment appears to be the only effective enforcement mechanism. He may, however, purge himself of contempt by simply complying with the subpoena at issue in this case.

**IT IS HEREBY ORDERED** that Defendants Chad Vicent Iacona and C.C.C. Transportation, LLC are **HELD IN CIVIL CONTEMPT OF COURT**. Accordingly, a fine is imposed against C.C.C. Transportation, LLC in the amount of $250.00 per day beginning on October 22, 2020 until it supplies the documents demanded in the subpoena dated May 6, 2020 (Doc. 96-1). The Clerk of Court is **DIRECTED** to issue an arrest warrant for Chad Vincent Iacona and forward it the United States Marshal for execution. He is to be brought before the Court and thereafter confined until such time as he supplies the documents demanded in the subpoena dated May 6, 2020 (Doc. 96-1).

**IT IS SO ORDERED.**

**DATED: October 21, 2020**

                                                               **STACI M. YANDLE**
                                                               **United States District Judge**